UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD JAWAD ABDUL JAMIL, et al., <br><br>Plaintiffs,<br><br>v.<br><br>WORKFORCE RESOURCES, LLC, et al.,<br><br>Defendants. | Case No.: 18-CV-27-JLS (NLS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>(ECF No. 4) |

Presently before the Court is Plaintiffs' Motion to Remand, ("MTN," ECF No. 4). Also before the Court is Defendants' Response in Opposition to the Motion, ("Opp'n," ECF No. 7), and Plaintiffs' Reply in Support of the Motion, ("Reply," ECF No. 9). Plaintiffs also filed Evidentiary Objections to and Requests to Strike Portions of the Declarations of Habib Tarzi and Weston Giannini, (ECF Nos. 10, 11). The Court took Plaintiffs' Motion under submission and now resolves it without a hearing pursuant to Civil Local Rule 7(1)(d)(1).[1]

## BACKGROUND

Plaintiffs filed a Class Action Complaint in superior court. ("Compl.," ECF No. 1-

---

[1] Also pending in this matter is Defendants' Motion to Dismiss, (ECF No. 3). This Motion will be addressed at the conclusion of this Order.

2, at 6–27.)² Plaintiffs are Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abduh Jamil, and Ahmad Farhad Abdul Jamil, proceeding individually and on behalf of others similar situated. The Defendant named in the Complaint is Workforce Resources, LLC. Plaintiffs then named Bristol Bay Native Corporation as a Defendant in place of Doe 1. (*See* ECF No. 1-2, at 29.) Plaintiffs bring this action "seeking recovery of unpaid wages and penalties under California Business and Professions Code (B&PC) §17200, et. seq., and Labor Code §§ 200, 226, 226.7, 510, 1194, and 1198." (Compl. ¶ 1.)

Defendants removed the case to this Court. ("Not. Removal," ECF No. 1.) Defendants state this court has original jurisdiction over the case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants state this Court also has jurisdiction over the action pursuant to 28 U.S.C. § 1442(a)(1). As relevant here, this statute states that an action commenced in start court "that is against or directed to" "any person acting under" the United States or any agency thereof or any officer may be removed to the district court. 28 U.S.C. § 1442(a)(1).

Plaintiffs worked for Defendants as "cultural advisor[s]/role players[s]" for members of the United States Armed Forces. (Compl. ¶¶ 4–6, 14.) Plaintiffs do not state the exact location where they worked, only stating that Defendants' office is located in Oceanside, California and Plaintiffs were transported from the office to a "military base." (*Id.* ¶ 16.) Defendants state the military base was Camp Pendleton and that "Plaintiffs were role players in a simulated Afghan village within Camp Pendleton boundaries that was built to assist with training exercises for deploying United States Marines to Afghanistan." (Not. Removal ¶ 12.)³ Defendants argue because Camp Pendleton is a federal enclave, and subject to exclusive federal enclave jurisdiction, federal jurisdiction exists over this case. (*Id.* ¶¶ 13–14.) Plaintiffs argue their claims stem from events that occurred at Defendants' office, not at Camp Pendleton, and therefore the federal enclave doctrine does not apply.

---

² Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.
³ In their Motion to Remand, Plaintiffs do not appear to contest that the base they refer to in their Complaint is Camp Pendleton. (*See* MTN 4.)

# LEGAL STANDARD

## I. Removal

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and subject-matter jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. §1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); and *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "[F]ederal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

## II. Federal Enclave Doctrine

Camp Pendleton is a federal enclave. *See Shurow v. Gino Morena Enters., LLC*, No. 3:16-cv-2844-L-KSC (S.D. Cal. 2017); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007) (finding the same)

"Under the Constitution, the United States has the power to acquire land from the states for certain specified uses and to exercise exclusive jurisdiction over such lands, which are known as federal enclaves." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005) (citing *Lord v. Local Union No. 2088, Int'l Bhd. of Elec. Workers*, 646 F.2d 1057, 1059 (5th Cir. 1981)). "Federal enclaves are under the exclusive

jurisdiction of the United States, meaning the property and activities of individuals and corporations within that territory are also under federal jurisdiction." *Id.*

"Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). "Claims due to acts that took place on a federal enclave are under exclusive federal law jurisdiction." *Rosseter v. Indus. Light & Magic*, No. C 08-4545 WHA, 2009 WL 210452, at *1 (N.D. Cal. Jan. 27, 2009).

## ANALYSIS

### I. Evidentiary Objections / Requests to Strike

As a preliminary matter, the Court addresses Plaintiffs' request to strike the declarations submitted by Defendants. Plaintiffs argue the declarations do not show that the declarants have personal knowledge as to specific matters that are referred to. (ECF No. 10, at 2; ECF No. 11, at 2.) In both declarations, the declarants state "all of the information set forth herein is based on my personal and firsthand knowledge and/or based on information and documents retained by Defendant Workforce Resources, LLC ("Workforce Resources") in the course of its business operations." (ECF No. 7-1, ¶ 1; ECF No. 7-2, ¶ 1.)

Under Federal Rule of Evidence 602, a witness may not testify as to a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

Although the declarations are based on personal knowledge <u>and/or</u> documents, the substance of the declarations show the declarants were personally involved enough to testify to the statements in the declarations. The Court therefore **DENIES** Plaintiffs' requests to strike the declarations.

### II. Removal Pursuant to Federal Enclave Doctrine

Plaintiffs argue their Complaint "alleges wage and hour violations committed by Defendants outside of any federal enclave. Specifically, Plaintiffs allege Defendants failed

4

18-CV-27-JLS (NLS)

to pay for traveling time and 'off-the-clock' work that took place at Defendants' Oceanside office." (MTN 2.) Plaintiffs allege they worked in Defendants' office in Oceanside, CA, and they were required to drive from their homes to Defendants' place of business in Oceanside to start their work assignment. (Compl. ¶ 16.) Plaintiffs state they were then "required to" ride shuttles from Defendants' office to the military base. (*Id.* ¶ 17.)[4] Plaintiffs allege they "were not compensated for their travel time from the office to the military base and from their time commuting from the military base back to the office." (*Id.* ¶ 16.) Plaintiffs also state:

> At all relevant times, Defendant's management would keep timesheets for Plaintiffs. During busy times, Plaintiffs would not be able to take their lawful ten-minute rest break or their thirty-minute meal break before the end of their fifth hour. At these times, at all relevant times, Defendant did not pay Plaintiffs premium pay for missed meal and/or rest breaks.

(*Id.* ¶ 15.)

In their Motion, but not mentioned in their Complaint, Plaintiff allege that while they were at Defendants' office at the beginning of the day, Plaintiffs were given their roles, clothing, and daily assignments. ("Jamshid Decl.," ECF No. 4-2, ¶¶ 5–7.) This, which took approximately 1.5 hours, was done without compensation. (*Id.* ¶ 10.)

Plaintiffs seek to represent five classes: persons who were not paid all wages; persons who were not provided with duty-free meal breaks; persons who were not provided with duty-free rest breaks; persons who ended their employment but were not paid due compensation in a timely manner; and persons who were not provided accurate pay stubs. (*Id.* ¶ 20.)

---

[4] Defendants contest the allegation that the shuttle ride was mandatory, and attach an agreement signed by Plaintiff Ahmad Jawad, which states: "I cannot enter a military installation . . . in my privately owned vehicle . . . I may, however, be dropped off at the designated check-in point." The agreement further states: "As a convenience provided to facilitate my entry into the government property where training will take place, the Company will allow me to board a Company van at a designated meeting location and transport me free of charge to the check-in point and then on to the training site." The agreement specifies: "Use of the Company van is voluntary on my part." (*See* ECF No. 7-1, at 6; *see id.* at 8, 10 (similar agreement signed by two other Plaintiffs).)

In their Motion to Remand, Plaintiffs allege the "entirety" of their allegations "stem from unpaid work away from Camp Pendleton," i.e., driving to Defendants' Oceanside office and spending time at the office before being shuttled to Camp Pendleton. (MTN 7.) Defendants disagree and argue Plaintiffs' meal and rest break claims would have occurred during the course of Plaintiffs' work as role players on Camp Pendleton, all labor claims are "rooted" in Plaintiffs' work on Camp Pendleton, and Plaintiffs' unfair business practices claim is "entirely derivative" of the labor code claims. (Opp'n 7.)

There is no question that some of the events alleged in the Complaint took place on Camp Pendleton. Plaintiffs allege they were not given proper rest and meal breaks; this naturally would have occurred while they were role playing at the Afghan village on Camp Pendleton. (*See* Compl. ¶ 15.) Although Plaintiffs' Complaint does not mention the words "Camp Pendleton," it states Plaintiffs began their day at Defendants' office and were shuttled to "the military base." (*Id.* ¶ 16.)[5] They were then shuttled back to the office, (*id.*), thus, the majority of the work day logically occurred at Camp Pendleton. Plaintiffs also allege they were not given breaks after five consecutive hours worked; these hours would have taken place at Camp Pendleton, not at Defendants' office. (*See id.* ¶ 20.)

But, some of the events alleged also took place at Defendants' office in Oceanside, as Plaintiffs allege they were required to drive to the office to start the day. In their Complaint, Plaintiffs do not mention the allegation regarding the 1.5 hours it took to be briefed for the day and change clothing while at Defendants' office, therefore, the Court does not address this allegation in analyzing removal jurisdiction. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) *as amended* (July 28, 1998) ("As a general rule, a district court deciding whether to exercise removal jurisdiction must consider only the allegations in the complaint." (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997))). Plaintiffs also may not omit pertinent facts from their Complaint in an

---

[5] The Court may "look[] beyond the face of the complaint" to determine whether the complaint is "artfully pleaded" to avoid federal jurisdiction. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).

attempt to avoid federal jurisdiction. *See Olguin v. Inspiration Consul. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("A plaintiff may not . . . avoid federal jurisdiction simply . . . by casting in state law terms a claim that can be made only under federal law. Jurisdiction is determined on the basis of the *well-pleaded* complaint. A complaint that is 'artfully pleaded' to avoid federal jurisdiction may be recharacterized as one arising under federal law."). Many events took place at Camp Pendleton, even if Plaintiffs do not directly say so in their Complaint.

The Court finds that federal jurisdiction was properly pled in Plaintiffs' Complaint. Although some events took place on Camp Pendleton and others took place at Defendants' office, it is clear that the majority of the pertinent events took place on a federal enclave. The allegations stem from Plaintiffs' employment and work performed at Camp Pendleton. This is sufficient for federal jurisdiction. *See Kerr v. Del. N. Cos., Inc.*, No. 1:16-cv-1797-LJO-SAB, 2017 WL 880409, at *4 (E.D. Cal. Mar. 6, 2017) (finding federal jurisdiction was proper because the complaint "alleged that the events pertinent to her claim" took place in a federal enclave); *In re High–Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012) (holding the "federal enclave doctrine only applies when the locus in which the claim arose is the federal enclave itself"); *Totah v. Bies*, No. C 10-5956 CW, 2011 WL 1324471, at *2 (N.D. Cal. 2011) (whether a tort arose on a federal enclave depends on where the "substance and consummation of the tort" occurred); *Stiefel*, 497 F. Supp. 2d at 1148 (applying the federal enclave doctrine where "all pertinent events occurred" on the enclave).

Because the Court determines that federal jurisdiction is proper based on the federal enclave doctrine, the Court does not analyze Defendants' second basis for removal, the federal officer removal statute.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand. As noted above, Defendants' have filed a Motion to Dismiss. The Parties requested the Court continue the hearing on the Motion to Dismiss and set a hearing date for the Motion after

deciding the Motion to Remand. Defendants' Motion to Dismiss is **SET** for hearing <u>on July 5, 2018 at 1:30 p.m.</u> The briefing schedule for the Motion is set pursuant to Local Rule 7.1(e).

**IT IS SO ORDERED.**

Dated: May 21, 2018

Hon. Janis L. Sammartino
United States District Judge