UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD JAWAD ABDUL JAMIL, et al., <br><br>Plaintiffs, <br><br>v. <br><br>WORKFORCE RESOURCES, LLC, et al., <br><br>Defendants. | Case No.: 18-CV-27-JLS (NLS) <br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** <br><br>(ECF Nos. 3, 13) |

Presently before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint, ("MTN," ECF No. 13). Also before the Court is Defendants' Opposition to the Motion, ("Opp'n," ECF No. 17), and Plaintiffs' Reply in Support of the Motion, ("Reply," ECF No. 18). The Court vacated the hearing on this Motion and took the matter under submission without oral argument. (ECF No. 9.) Having considered the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiffs filed a Class Action Complaint in superior court. ("Compl.," ECF No. 1-2, at 6–27.)[1] Plaintiffs are Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abduh Jamil, and Ahmad Farhad Abdul Jamil, proceeding individually and on behalf of others similar

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

1

situated. The Defendant named in the Complaint is Workforce Resources, LLC. Plaintiffs then named Bristol Bay Native Corporation as a Defendant in place of Doe 1. (*See* ECF No. 1-2, at 29.) Plaintiffs bring this action "seeking recovery of unpaid wages and penalties under California Business and Professions Code (B&PC) §17200, et. seq., and Labor Code §§ 200, 226, 226.7, 510, 1194, and 1198." (Compl. ¶ 1.)

Plaintiffs worked for Defendants as "cultural advisor[s]/role players[s]" for members of the United States Armed Forces. (*Id.* ¶¶ 4–6, 14.) Plaintiffs do not state the exact location where they worked, only stating that Defendants' office is located in Oceanside, California and Plaintiffs were transported from the office to a "military base." (*Id.* ¶ 16.) Defendants state the military base was Camp Pendleton and that "Plaintiffs were role players in a simulated Afghan village within Camp Pendleton boundaries that was built to assist with training exercises for deploying United States Marines to Afghanistan." ("Not. Removal," ECF No. 1, ¶ 12.)

Plaintiffs allege Defendants failed to pay for traveling time and "off-the-clock" work that took place at Defendants' Oceanside office. Plaintiffs allege they worked in Defendants' office in Oceanside, CA, and they were required to drive from their homes to Defendants' place of business in Oceanside to start their work assignment. (Compl. ¶ 16.) Plaintiffs state they were then "required to" ride shuttles from Defendants' office to the military base. (*Id.* ¶ 17.) Plaintiffs allege they "were not compensated for their travel time from the office to the military base and from their time commuting from the military base back to the office." (*Id.* ¶ 16.) Plaintiffs also state:

> At all relevant times, Defendant's management would keep timesheets for Plaintiffs. During busy times, Plaintiffs would not be able to take their lawful ten-minute rest break or their thirty-minute meal break before the end of their fifth hour. At these times, at all relevant times, Defendant did not pay Plaintiffs premium pay for missed meal and/or rest breaks.

(*Id.* ¶ 15.)

Defendants removed the case to this Court under the federal enclave doctrine. Defendants then filed a motion to dismiss, and Plaintiffs filed a motion to remand. Finding

Camp Pendleton to be a federal enclave, and finding that the events pertinent to Plaintiffs' claim took place at Camp Pendleton, the Court denied Plaintiffs' motion to remand. (ECF No. 12.) Plaintiffs then filed the present Motion requesting leave to file an amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## ANALYSIS

Plaintiffs seek to make the following changes to their complaint: (1) narrow the scope of injury to "off-the-clock" work, second meal period violations and second and/or third rest period violations, which occurred away from the federal enclave; and (2) add a cause of action for Violation of Labor Code § 2698 *et seq.*, Private Attorneys General Act of 2004 ("PAGA"). (MTN 2.) Plaintiffs say the first change will narrow their claims and they are "only seeking damages and penalties for work done away from the federal

enclave." (*Id.* at 6.) Plaintiffs admit they were "paid for all time spent on the federal enclave so it will be disingenuous to allege they are owed money for the time spent on the enclave." (*Id.* at 10.) As to the second change, Plaintiffs state the Parties have stipulated to a tolling of statute of limitations to file a First Amended Complaint alleging a cause of action for violations of PAGA, and that they are permitted "as a matter of right" to add a PAGA claim. (*Id.* at 3, 6.) Defendants object to both proposed changes.

## I. Meal Period Violations

Defendants argue Plaintiffs' proposed amendments to their meal and rest break claims are futile because the federal enclave doctrine bars these claims. (Opp'n 18.) Defendants also argue they will be prejudiced if these claims are permitted, Plaintiffs have delayed in seeking this amendment, and Plaintiffs amendment is brought in bad faith. (*Id.* at 22–23.) Defendants predict that Plaintiffs attempt to amend their complaint to "destroy federal subject matter jurisdiction and to set the stage for another attempt to seek remand of this action." (*Id.* at 23.) But, Defendants admit that jurisdiction is determined at the time of removal. (*Id.* at 25 n.6); *see Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

First, the Court finds Defendants have not established they will be unduly prejudiced by this amendment, nor have they established Plaintiffs have delayed in moving to amend or are moving to amend in bad faith. This case is in its infancy, with one pending motion to dismiss, and no discovery conducted and no trial set. The Court now addresses Defendants' futility argument.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed

amendment until after leave to amend is granted and the amended pleadings are filed. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *Lillis v. Apria Healthcare*, No. 12cv52-IEG (KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Plaintiffs state they seek to amend their claims to be only those that occurred away from the federal enclave, so Defendants' argument that the claims are barred by the federal enclave doctrine may be incorrect. The Court finds Defendants have not established that Plaintiffs' amendments are futile under every set of facts, and finds that Defendants' arguments on the merits of Plaintiffs' proposed amendment are better addressed on a motion to dismiss.

## II. PAGA Claim

Defendants argue Plaintiff's PAGA claim is time-barred because Plaintiffs failed to provide adequate notice to the California Labor and Workforce Development Agency ("LWDA") within the one-year statute of limitations. (Opp'n 8–9.) Defendants state Plaintiff Ahmad's last day of work in California was August 5, 2015, and Plaintiffs Farhad and Jawad's last day of work in California was August 30, 2016. (*Id.* at 16.) These dates are more than one year prior to when Plaintiffs began this lawsuit (September 27, 2017) and to when Plaintiffs submitted notice to the LWDA (January 18, 2018). (*Id.*) In sum, "if the Court permits Plaintiffs to amend to add this time-barred PAGA claim, Defendants will suffer unfair and undue prejudice by having to defend a futile PAGA claim." (*Id.* at 17.) Plaintiffs respond by arguing that certain claims are not time-barred. Plaintiff states their last date of employment was in March 2017, so therefore they worked and received their paystubs within the PAGA one-year statute of limitations. (Reply 4.) Plaintiffs further allege their allegation of violation of Labor Code § 203 commenced in March 2017.

(*Id.* at 5.) Plaintiffs have plausibly pled that at least some of their claims could be timely. *See Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1192 (E.D. Cal. 2017) (finding the PAGA statute of limitations bars all claims before one year prior to the date the plaintiff provided notice to the LWDA). Therefore, Defendants have not demonstrated that the proposed amendment is futile under every set of facts.

Defendants also argue Plaintiff Jaward lacks standing to bring a PAGA claim because the only work he did "consisted of the completion of new hire paperwork and the necessary biometric enrollment at Workforce Resources' office in Oceanside, California." (Opp'n 18.) Defendants argue this was performed prior to the one-year limitations period and also is different from the allegations in Plaintiff's complaint. (*Id.*) Plaintiffs respond by citing to *Huff v. Securitas Security Services USA, Inc.*, where the court held an employee affected by at least one labor code violation may pursue penalties on behalf of the state for unrelated violations by the same employer. 23 Cal. App. 5th 745, 753–54 (Ct. App. 2018), *reh'g denied* (June 13, 2018), *review filed* (June 28, 2018). Plaintiffs argue they have standing to pursue some penalties and thus would have standing to pursue all penalties. (Reply 6.) The Court finds Defendants' argument is better suited for a motion to dismiss this particular Plaintiff based on standing.

Without deciding the merits of each argument, the Court finds that Defendants have not demonstrated that Plaintiffs' proposed amendments are futile under every set of facts. Thus, the Court finds it appropriate to grant leave to amend.

/ / /

/ / /

/ / /

## CONCLUSION

The Court **GRANTS** Plaintiffs' Motion for Leave to File First Amended Complaint, (ECF No. 13). Plaintiffs **SHALL** file their amended complaint <u>within seven (7) days of the electronic docketing of this Order.</u> Accordingly, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss Plaintiffs' Complaint, (ECF No. 3).

**IT IS SO ORDERED.**

Dated: July 20, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

7
18-CV-27-JLS (NLS)