Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Treana L. Allen (SBN: 302922)
tallen@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA  90802
Telephone No.: (562) 590-5550
Facsimile No.: (562) 590-8400

Attorneys for Plaintiffs AHMAD JAWAD ABDUL JAMIL, AHMAD JAMSHID ABDUL JAMIL, AHMAD FARHAD ABDUL JAMIL, individually and on behalf of all employees similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD JAWAD ABDUL JAMIL, AHMAD JAMSHID ABDUL JAMIL, AHMAD FARHAD ABDUL JAMIL, individually and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORKFORCE RESOURCES, LLC, a California Limited Liability Company, and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. Case No. 18-cv-0027 (JLS) (NLs)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Failure to Pay Minimum Wages Labor Code §§ 218, 1182.12, 1194(a) and 1197;<br>2. Failure to Pay Overtime Wages Labor Code §§ 510, 558, 1194, 1198;<br>3. Failure to Provide Meal Periods Labor Code §§ 226.7, 512;<br>4. Failure to Provide Rest Periods Labor Code §§ 226.7, 510, 1194;<br>5. Failure to Provide Accurate Wage Statements Labor Code §§ 226, 226.3, 1174, 1174.5;<br>6. Failure to Pay All Wages Upon Separation from Employment Labor Code §§ 201-203; and<br>7. Violations of Unfair Business Practices (B&PC §17200, et seq.). |

8. Violation of Labor Code § 2698 et seq. (Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

Plaintiffs AHMAD JAWAD ABDUL JAMIL, AHMAD JAMSHID ABDUL JAMIL, AHMAD FARHAD ABDUL JAMIL, (herein collectively referred to as "Plaintiffs"), individually and on behalf of all other similarly situated hourly non-exempt employees, hereby complains against Defendant, WORKFORCE RESOURCES, LLC, an Alaska Company formerly doing business in California as Workforce Resources, LLC, (hereinafter "Defendant" or "Workforce"); BRISTOL BAY NATIVE CORPORATION formerly DOE 1 (hereinafter collectively referred to as "Defendants") and DOES 2 to 10, inclusive and on information and belief alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking recovery of unpaid wages and penalties under California Business and Professions Code (B&PC) §17200, et. seq., and Labor Code §§ 200, 226, 226.7, 510, 1194, and 1198. Plaintiffs, on behalf of themselves and all hourly non-exempt employees, others similarly situated, hereby bring an action for damages for violation of the Labor Code and for injunctive relief, declaratory relief, and restitution for Defendant's violations of B&PC §17200, et. seq. Plaintiffs seek all available relief, including full damages, restitution, and/or disgorgement of all revenues, earnings, profits, compensation, and benefits retained by Defendant as a result of its unlawful, unfair business practices. Further, Plaintiffs seek all injunctive relief under B&PC §17200, et. seq.

2. This matter was originally filed in the Superior Court of California in

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

the County of San Diego. On January 4, 2018, Defendants removed this case to federal court. The California Superior Court has jurisdiction in the matter because the individual claims are under the seventy-five thousand dollars ($75,000.00) individual jurisdictional amount in controversy threshold for Federal Court, under the five million dollar ($5,000,000.00) aggregate jurisdictional amount in controversy threshold for Federal Court. Further, there is no federal question at issue because the issues herein are based solely on California Statutes and law.

3.    Venue as to each defendant is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and 395.5, as at least some of the acts complained of hereon occurred in the County of San Diego. Each Defendant either owns, maintains offices, transacts business, has an agent or agents within the County of San Diego, or otherwise is found within the County of San Diego and each defendant is within the jurisdiction of this Court for purposes of service of process.

## THE PARTIES

### A.    The Plaintiffs

4.    AHMAD JAWAD ABDUL JAMIL is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. Plaintiff was hired by Defendant at its 1833 Oceanside Blvd., Oceanside, CA, 92054, address, in the County of San Diego. At all relevant times herein, Plaintiff was an employee of the Defendant from 2015 through March 2017, in California. At all relevant times herein, Plaintiff was employed by Defendant in a non-exempt hourly position as cultural advisor/role player for members of the United States Armed Forces.

5.    AHMAD JAMSHID ABDUL JAMIL is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. Plaintiff was hired by Defendant at its 1833 Oceanside Blvd., Oceanside, CA, 92054, address, in the County of San Diego. At all relevant times

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

herein, Plaintiff was an employee of the Defendant from 2015 through March 2017, in California. At all relevant times herein, Plaintiff was employed by Defendant in a non-exempt hourly position as cultural advisor/role player for members of the United States Armed Forces.

6.      AHMAD FARHAD ABDUL JAMIL is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident.  Plaintiff was hired by Defendant at its 1833 Oceanside Blvd., Oceanside, CA, 92054, address, in the County of San Diego.  At all relevant times herein, Plaintiff was an employee of the Defendant from 2015 through March 2017, in California. At all relevant times herein, Plaintiff was employed by Defendant in a non-exempt hourly position as cultural advisor/role player for members of the United States Armed Forces.

**B.      The Defendants**

7.      Defendant Workforce is and/or was the employer of Plaintiffs. At the time of Plaintiffs employment, Workforce was registered in the State of California and was authorized to do business in the State of California.

8.      On or about November 13, 2017, Plaintiffs filed an Amendment to Complaint, naming Defendant Bristol Bay Native Corporation, an Alaska Corporation, formerly DOE 1. At all times relevant herein, Plaintiffs allege that Workforce is a subsidiary of Bristol Bay and was subject to the direct control of Bristol Bay.

9.      Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 2 through 10, inclusive, but on information and belief allege that said Defendants are legally responsible for the payment of regular and overtime compensation, rest and meal period compensation, and business expenditure reimbursement to the Plaintiffs by virtue of their unlawful practices, and therefore

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

10. Defendants operate as a joint venture and/or single business enterprise, and are agents of one another, are alter egos, joint employers and conspire with one another to increase profits by engaging in the conduct described in this complaint.

11. Plaintiffs are informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs.

12. Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiffs also allege the acts of each Defendant are legally attributable to the other Defendants.

13. Plaintiffs are informed and believes, and based thereon allege, that each of the Defendants sued herein was, at all relevant times hereto, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants. The above co-Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## STATEMENT OF FACTS

14.    Defendant is, and at all times relevant to this Complaint was, an "employer" under the applicable state laws and relevant Wage Orders of the IWC. Plaintiffs are, at all times relevant to this Complaint, the "employee" of Defendant. The phrase "employee of Defendant" is defined under state law.

15.    Plaintiffs worked for Defendant between the dates in or about 2015 through in or about March 2017 as cultural advisors/role players for members of the United States Armed Forces. Plaintiffs worked in Defendant's business location in Oceanside, CA.

16.    At all relevant times, Defendant's management would keep timesheets for Plaintiffs. Defendant did not provide Plaintiff's with their second meal break and second and/or third rest period, due to Defendant's policy and practice of not recording time Plaintiffs spent working outside the federal enclave. Plaintiffs would not be able to take their lawful second and/or sometimes third ten-minute rest break or their second thirty-minute meal break when they worked shifts of more than ten (10) hours and the second meal break would have occurred outside of any federal enclave.  At all relevant times, Defendant did not pay Plaintiffs premium pay for missed meal and/or rest breaks.

17.    Throughout Plaintiffs' employment with Defendant they were required to drive from their home in Orange County to Defendant's Principal place of business in Oceanside, to start their work assignment. Plaintiffs were required to check-in at Defendant's office prior to the start of their work day and sign their timesheets. Plaintiffs were then given their "role" or daily assignments, which sometimes required clothing or uniform change that occurred at Defendants office. After going over their assignments, Plaintiffs were then shuttled from Defendant's office to the military base nearly forty-five (45) minutes away. However, Plaintiffs were not compensated for their travel time from the office to the military base and from their time commuting from the military base back to the office.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

18.     After finishing the role-playing assignment, Plaintiffs were required to ride the shuttles from Defendant's office to the military base, and from the military base to Defendant's office on at least five (5) occasions without compensation. Once Plaintiffs' arrived back at Defendants' office they were required to change out of their uniform and clothing, debrief with the management and/or supervisor and sign-out for the day.

19.     Defendant had a policy and practice of not recording Plaintiffs hours worked outside the federal enclave, denying Plaintiffs their required rest and meal breaks outside the federal enclave and refused to pay Plaintiffs for their time spent working outside the federal enclave.

20.     Plaintiffs contend they were properly compensated all wages for their actual time spent directly on the federal enclave but were denied any and all wages for any and all work done outside the federal enclave. Plaintiffs also allege they are not owed any compensation for meal and/or rest period premiums that would have occurred while working directly on the federal enclave, only for the meal and rest breaks that they were denied while working for Defendant outside the federal enclave.

## **CLASS ALLEGATIONS**

21.     Plaintiffs bring this action on behalf of themselves, on behalf of the general public, and on behalf of all other similarly situated persons, as a class action pursuant to California Code of Civil Procedure section 382. The class is composed of and defined as follows:

22.     Plaintiffs brings claims on behalf of the classes and subclasses, as articulated more fully below:

(a) **Class 1: Wage Class**: All persons who work(ed) for Defendant in the positions of role players, cultural advisors, translators, or employees with similar duties and who were not paid all wages within the four (4) years prior to the filing of this Complaint, up

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

through the final disposition of this action;

(b) **Class 2: Meal Class:** All persons who work(ed) for Defendant in the positions of role players, cultural advisors, translators, or employees with similar duties and who were not provided with duty-free second meal breaks of at least a half-hour after more than ten (10) consecutive hours worked when the meal break requirement occurred outside the federal enclave within the four (4) years prior to the filing of this Complaint, up through the final disposition of this action;

(c) **Class 3: Rest Period Class**: All persons who work(ed) for Defendant in the positions of role players, cultural advisors, translators, or employees with similar duties and who were not provided with duty-free second and/or third rest breaks for every four (4) hour block of time worked (or major portions thereof) when the rest break requirement occurred outside the federal enclave within the four (4) years prior to the filing of this Complaint, up through the final disposition of this action;

(d) **Class 4: Waiting Time Class:** All persons who worked for Defendant in the positions of role players, cultural advisors, translators, or employees with similar duties and who ended their employment with Defendant, within the three (3) years prior to the filing this Complaint, up through the final disposition of this action, but were not paid the above due compensation for all hours worked, timely upon the termination of their employment as required by California Labor Code sections 201-203, and is entitled to penalties as provided by California Labor Code section 203;

(e) **Class 5: Wage Statement Class**: All persons who work(ed) for Defendant in the positions of role players, cultural advisors,

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

translators, or employees with similar duties within the year prior to filing this Complaint, up through the final disposition of this action, in the state of California, who were not provided accurate pay stubs that complied with Labor Code sections 1174 and 226;

23.    Plaintiffs reserves the right under Rule 3.765 of the California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the Court.

24.    **Numerosity of Class**:    The classes are composed of at least thirty (30) individuals who are, or were employees of Defendant working in the positions of role players, cultural advisors, translators, or employees with similar duties during the four (4) years preceding the filing of this Complaint.

25.    **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the classes. The questions of law and fact common to the classes predominate over questions affecting only individual class members, and include, but are not limited to:

(a)    Whether Defendant violated California Labor Code sections 218 and 1194(a) by failing to pay all straight-time wages to Plaintiffs and Class Members;

(b)    Whether Defendant violated California Labor Code section 510 by failing to pay overtime compensation to Plaintiffs and Class Members who worked in excess of forty (40) hours per week and/or eight (8) hours per day;

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(c)     Whether Defendant violated California Labor Code section 1174 by failing to keep accurate records of employees' work hours for Plaintiffs and Class Members;

(d)     Whether Defendant violated California Labor Code sections 201 through 203 by failing to pay overtime wages due and owing to Plaintiffs and Class Members at the time that their respective employment relationship ended;

(e)     Whether Plaintiffs and Class Members are entitled to "waiting time" penalties pursuant to California Labor Code section 203;

(f)     Whether Defendant violated California Labor Code section 510 by failing to pay accurate wages to Plaintiffs and Class Members when employees worked during meal periods;

(g)     Whether Defendant violated the meal and rest break provisions of Labor Code sections 226.7 and 512 by failing to afford Plaintiffs and the Class Members proper meal and rest periods;

(h)     Whether Defendant violated California Business & Professions Code sections 17200 and 17208 by failing

- To pay overtime compensation to Plaintiffs and Class Members who worked in excess of forty (40) hours per week and/or eight (8) hours per day;

- To accurately calculate overtime compensation to Plaintiffs and Class Members by not including their earned bonuses in the rate calculation;

- To keep accurate records of employees' hours worked for Plaintiffs and Class Members;

- To provide meal and rest breaks to Plaintiffs and Class Members; and

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(i)    The proper measure of damages sustained by Plaintiffs and Class Members.

26.    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the Class Members.

27.    Plaintiffs' Class is so numerous that it is impractical to bring all Class Members before the Court.

28.    Plaintiffs and the Class Members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action.

29.    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon the Plaintiffs' Class.

30.    There is a community of interest in ensuring that the combined assets and available insurance of the Defendant is sufficient to adequately compensate members of the Plaintiffs' Class for the injuries sustained.

31.    Without class certification, the prosecution of separate actions by individual members of the Plaintiffs' Class would create a risk of:

(a)    Inconsistent or varying adjudications with respect to individual members of the Plaintiffs Class which would establish an incompatible standard of conduct for the Defendant; and/or

(b)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, a responsible Defendant; and

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

32.    Defendant has acted or refused to act on grounds generally applicable to the Plaintiffs Class, thereby making final injunctive relief appropriate with respect to the Plaintiffs' Class as a whole.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### California Labor Code §§ 218, 1182.12, 1194(a) and 1197

### (Against All Defendants)

33.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs.

34.    During all relevant time periods, Defendant was required to pay minimum wages pursuant to California Labor Code sections 1194(a) and 1197.

35.    California Labor Code section 1182.12 provides, "Notwithstanding any other provision of this part, on or after July 1, 2014, the minimum wage for all industries shall not be less than nine dollars ($9) per hour, on or after January 1, 2016, the minimum wage for all industries shall be not less than ten ($10) per hour.

36.    Plaintiffs and Class Members did in fact routinely work below minimum wage when Defendant required Plaintiffs and Class Members to travel from Defendant's office to the military base without compensation, don and doff attire and do role play exercises at Defendant's office prior to and after returning from the military base.

37.    Plaintiffs and Class Members are entitled to compensation at the minimum wage rate for all hours worked, outside the federal enclave, in a workday within four years of the filing of this Complaint until the date of entry of judgment, liquidated damages pursuant to Labor Code section 1194.2 subd. (a), interest, plus statutory penalties pursuant to Labor Code section 558, plus reasonable attorneys' fees and costs.

/ / /

/ / /

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### California Labor Code §§ 510, 558, 1194, 1198

### (Against All Defendants)

38.     Plaintiffs and Class Members reallege and incorporate the preceding paragraphs of this complaint as if fully alleged herein.

39.     At all times relevant herein, sections 510, 558, 1194 and 1198 of the California Labor Code and the applicable regulations provide for payment of overtime wages equal to one and one-half times the employee's regular rate of pay for all hours worked over eight (8) in a workday, and/or forty (40) in a workweek, and for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

40.     Plaintiffs and Class Members regularly worked over eight (8) hours per day and forty (40) hours per week.  Defendant failed to pay Plaintiffs and Plaintiffs' Class overtime premium and/or double-time premium for hours worked in excess of eight (8) and/or twelve (12) hours per day and forty (40) hours per week for work performed for the Defendant, when Plaintiffs were required to do "off-the clock" work outside the federal enclave.

41.     Defendant failed to schedule Plaintiffs and Class Members in such a manner that allowed Plaintiffs and Plaintiffs Class to be relieved of their shift immediately, thereby causing Plaintiffs and Class Members to work in excess of eight (8) hours per day and/or forty (40) hours per week.  As such Plaintiffs and Class Members seek overtime and/or double-time in an amount according to proof. Pursuant to Labor Code section 1194, Plaintiffs and the Class Members seek the payment of all overtime and/or double-time compensation which they earned and accrued throughout the Class Period, according to proof.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

42.    California Labor Code section 1194 provides that, notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or an employee who has not been paid overtime compensation as required by California Labor Code, section 1198 and Title 8 of the California Code of Regulations section 11040, may recover, in a civil action, the unpaid balance of the full amount of such minimum wage and overtime compensation, including interest thereon, together with reasonable attorneys' fees and costs of suit.

43.    Defendant has willfully violated the Labor Code by failing to pay Plaintiffs and Class Members all wages, including overtime wages and minimum wage for all time worked.  Further, Defendant has regularly violated the Labor Code with respect to meeting the requirements of paying wages earned, including overtime, double-time and remuneration when calculating the employees' proper regular rate of pay, as herein before alleged.  Defendant has intentionally excluded remuneration that must be included in all employees' regular rate of pay in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and the applicable IWC Wage Order(s).  Throughout the relevant time period, Defendant failed to use a weighted average when calculating Plaintiffs' overtime rate. Defendant is thereby able to reduce their overhead and operating expenses and gain an unfair advantage over competing companies, also in the business of providing translators, role players and cultural advisors, who comply with state law.

44.    Defendant failed to pay to Plaintiffs and Class Members any compensation for missed short and/or late rest and meal breaks which occurred outside the federal enclave and should have been paid at the overtime rate and/or the minimum wage rate.  Defendant also failed to pay Plaintiffs and Class Members any compensation for hours worked over eight (8) in on day and forty (40) in one week during which time Defendant's management would intentionally "clock in" employees after they had begun working and/or "clock out" employees before they finished working during their shift.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

45.    Defendant's pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and entitles Plaintiffs and Class Members to recover, in a civil action pursuant to Labor Code, section 218, the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

46.    Additionally, Plaintiffs and Class Members are entitled to attorneys' fees and costs, pursuant to California Labor Code sections 218.5, 226, 1194, and prejudgment interest pursuant to Labor Code section 218.6 and California Civil Code section 3287.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE SECOND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### California Labor Code §§ 226.7, 512

### (Against All Defendants)

47.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs.

48.    California Labor Code sections 226.7 and 512 provides that no employer shall employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.

49.    California Labor Code section 226.7 provides that if an employer fails to provide an employee a duty-free meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

50.    During all relevant time periods, Defendant failed to provide Plaintiffs and Class Members with duty-free, uninterrupted second meal periods when Plaintiffs and certain Class Members worked over ten (10) hours in a workday.  . Plaintiffs and Class Members were repeatedly unable to take their second meal

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

period, which occurred outside the federal enclave, due to the workload and work assignments, and Defendants practice of not recording Plaintiffs time worked outside the federal enclave.

51. Further, Defendant did not have a policy in place that allowed Plaintiffs and Class Members to report missed second meal periods or interrupted second meal periods causing these incidents to go undocumented. As a result, Plaintiffs and Class Members were often forced to forego their second meal periods and/or work during their second meal periods. In so doing, Defendant has intentionally and improperly denied second meal periods to Plaintiffs and Class Members in violation of Labor Code sections 226.7 and 512 and other regulations and statutes.

52. Defendant further failed to implement a policy to pay Plaintiffs and Class Members an additional hour of pay at their regular rate of pay for second meal periods not provided.

53. Plaintiffs and Class Members have worked more than ten (10) hours in a workday during the relevant time period.

54. At varying times relevant hereto, Plaintiffs and Class Members have worked more than eight (8) hours in a workday.

55. At all times relevant hereto, the Defendant, and each of them, failed to schedule Plaintiffs and similarly situated persons in a manner so as to reasonably provide work-free second meal periods as required by Labor Code sections 226.7 and 512.

56. By virtue of the Defendant's failure to schedule Plaintiffs and Class Members in such a way as to provide a timely and/or work-free second meal period to Plaintiffs and Class Members, which occurred outside the federal enclave, Plaintiffs and Class Members have suffered, and will continue to suffer, damages in an amount which is presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

57.    Plaintiffs, individually and on behalf of Class Members, requests recovery of meal period compensation pursuant to Labor Code, section 226.7 for the four (4) years prior to filing this complaint, as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or other statutes, reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE SECOND AND/OR THIRD REST PERIODS OR COMPENSATION IN LIEU THEREOF

### California Labor Code §§ 226.7, 510, 1194

### (Against All Defendants)

58.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs.

59.    The IWC Wage Orders and Labor Code section 226.7 provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or major fraction thereof.

60.    California Labor Code section 226.7, subd. (b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided.

61.    Defendant failed and/or refused to implement a relief system by which Plaintiffs and Class Members could receive their second and/or third rest breaks and/or work-free second and/or third rest breaks.  Defendant had a policy and practice whereby Plaintiffs and Class Members were authorized to take one ten (10) minute rest break for every four (4) hours of work.  However, due to high workload and the work assignments and Defendant's practice and policy of not recording or paying for time Plaintiff's spent working outside the federal enclave, Plaintiffs were not provided their duty-free second and sometimes third rest break, which occurred outside the federal enclave..  As such, Plaintiffs and Class Members did not receive

their second and/or third rest break(s) on most, if not all, days worked outside the federal enclave.  Plaintiffs were denied their second and/or third rest periods on at least nine (9) occasions.

62.     Additionally, Defendant did not have a policy in place that allowed Plaintiffs and Class Members to report missed or interrupted rest periods that occurred outside the federal enclave, causing these incidents to go undocumented. By and through their actions, Defendant intentionally and improperly denied rest periods to the Plaintiffs and Class Members in violation of Labor Code sections 226.7 and 512.

63.     Defendant further failed to implement a policy to pay Plaintiffs and Class Members an additional hour of pay at their regular rate of pay for rest periods not authorized or permitted.

64.     At all times relevant hereto, Plaintiffs and Class Members have worked more than three and one-half hours in a workday.

65.     By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiffs and Class Members, Plaintiffs and Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

66.     Plaintiffs, individually and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to California Labor Code section 226.7, for the four (4) years prior to filing this complaint, as well as the assessment of any statutory penalties against Defendant in a sum as provided by the California Labor Code and/or any other statute, reasonable attorney's fees and costs.

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

# FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### California Labor Code §§ 226, 226.3, 1174, 1174.5

### (Against All Defendants)

67.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs.

68.    California Labor Code sections 226, 226.3, 1174 and 1174.5 and applicable IWC Wage Orders provides that employers must keep records and provide employees with itemized wage statements showing total hours worked and each applicable rate of pay in effect during the pay period with the corresponding number of hours worked at each hourly rate.

69.    California Labor Code section 226, subd. (a) requires an employer to provide employees—either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash—an accurate itemized wage statement in writing showing "(1) gross wages earned, (2) total hours worked by the employee . . . , (4) all deductions . . . , (5) net wages, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee . . . ."

70.    California Labor Code section 226.2, subd. (a)(2) requires the itemized statements required by subdivision (a) of section 226 shall, in addition to the other items specified in that subdivision, state the following: total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

71.    Plaintiffs are informed and believe that Defendant willfully and

intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiffs and Class Members.  Specifically, Plaintiffs believes that Defendant's records do not accurately reflect time Plaintiffs and Class Members spent traveling from back and forth from Defendant's office to the military base, when Plaintiffs and Class Members worked during their second meal and/or second/third rest breaks, time spent donning and doffing uniforms and role-playing clothing, receiving daily assignments and debriefing, all done outside the federal enclave.

72.    Defendant knowingly and intentionally failed to include on Plaintiffs and Class Members' pay the corresponding number of hours worked at each hourly rate of pay in violation of section 226, subds. (a)(2) and (9), respectively.

73.    Defendant maintained a common policy and practice of not paying Plaintiffs and Class Members overtime wages for time worked in excess of eight (8) hours a workday and/or forty (40) hours in a workweek.  Therefore, most overtime hours worked were not reflected on Plaintiffs and Class Members' pay records.

74.    California Labor Code section 226, section (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000). Plaintiffs is informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiffs and Class Members.

75.    Plaintiffs are informed and believe that Defendant's failure to keep accurate payroll records, as described above, violated California Labor Code, sections 1174, subd. (d), and 226, subd. (a), and the applicable IWC Wage Order(s).

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Pursuant to California Labor Code, section 2699, subd. (f)(2), Plaintiffs and the Class Members are entitled to penalties of $100.00 for the initial violation and $200.00 for each subsequent violation for every pay period during which these records and information was not kept by Defendant.

76.    As a result, Defendant, jointly and severally, are liable to Plaintiffs and Overtime Class Members for the amounts as penalties provided by California Labor Code, section 226, subd. (e) and reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AT SEPARATION OF EMPLOYMENT

### California Labor Code §§ 201-203

### (Against All Defendants)

77.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs.

78.    During all relevant time periods, Plaintiffs and formerly employed members of the Class were terminated by, or resigned from, their positions with Defendant.  Defendant, however, willfully did not pay Plaintiffs and formerly employed Class Members all wages which were due them upon their termination, or within seventy-two (72) hours of their resignation as required by California Labor Code section 202, subd. (a).  Defendant failed to pay Plaintiffs and formerly employed Class Members all overtime wages and/or minimum wages which they were due throughout their employment for time spent during rest and recovery periods or working overtime hours.  Such non-payment was a direct and proximate refusal to do so by Defendants.

79.    Under Labor Code sections 201, 202, and 203, Plaintiffs and those formerly employed members of the Class are entitled to waiting time penalties for not having been paid all wages due them upon their separation from employment.

80.    Plaintiffs and all members of the Class who terminated employment

within four years of the filing of the original Complaint until the date of entry of judgment, without being paid the proper payments are entitled to thirty (30) days of pay at their regular rate of pay as waiting time penalties.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### California Business and Professions Code §§ 17200 et seq.

### (Against All Defendants)

81.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, all preceding paragraphs.

82.    California Business and Professions Code sections 17200 et seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

83.    Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law.

84.    California Labor Code section 90.5, subd. (a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

85.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four (4) years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this complaint including but not limited to violations of California Labor Code, sections

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

200, 202, 203, 226, 226.7, 512, 1182.12, 1174, 1194, and 2802; as well as other statutes.  The violation of these laws serves as unlawful predicate acts and practices for purposes of the Unfair Competition Law.

86.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections17200 et seq.

87.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code, sections 17200 et seq.  Among other things, the acts and practices have forced Plaintiffs and other similarly situated workers to labor for many hours without receiving the meal and rest periods and/or compensation, to which they are entitled by law.

88.    As a result of Defendant's acts, Plaintiffs and Class Members have suffered injury in fact in being denied their meal and rest periods as well as compensation for hours worked, both in minimum and overtime wages.  Furthermore, as a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have lost money and property in the form of lost wages in an amount to be proven at trial.

89.    Business and Professions Code sections 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendant from repeating their unlawful, unfair, and fraudulent business acts and business practices alleged above.

90.    Business and Professions Code sections 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiffs and the Class Members

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

are entitled to restitution pursuant to Business and Professions Code section 17203 for wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them during the four-year period prior to the filing of this complaint.

91.     Business    and    Professions    Code    section    17202    provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiffs and Class Members are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to Business and Professions Code section 17202.

92.     Plaintiffs' success in this action will enforce important rights affecting the public interest, and, in that regard, Plaintiffs sues on behalf of the general public as well as herself and others similarly situated.  Plaintiffs and the Class Members seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

93.     Plaintiffs herein takes upon herself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action.  The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing her to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT

**(Against Defendants, DOES 1 through 10, and each of them)**

94.     Plaintiffs and Plaintiff Class reallege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

95.     Labor Code sections 2698-2699.5 provide that a civil penalty, assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees (collectively referred to herein as the "LWDA") for certain violations of the Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of herself and collectively on behalf of all other current or former employees.

96.     California Labor Code section 2699, subdivision (a), also known as the Private Attorneys' General Act of 2004 (or PAGA), states:  "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

97.     Plaintiffs and Plaintiff Class are "aggrieved employees" as defined by Labor Code section 2698 et seq. in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

98.     Prior to filing this Complaint, on January 18, 2018, Plaintiffs gave written notice by certified mail to the LWDA and to Defendant of the specific provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code section 2699.3, subdivision (a)(1). See Attached as Exhibit "A."

99.     The LWDA has not provided Plaintiffs with any notice that it intends to investigate the alleged violations.  Plaintiffs do not anticipate an investigation into his claims by the LWDA.

100.    Pursuant to Labor Code section 2699.3, notwithstanding any other provision of law, Plaintiffs may, as a matter of right, amend the existing complaint

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

to add a cause of action under Labor Code section 2698.

101.    Plaintiffs, individually and on behalf of all aggrieved employees of the Plaintiff Class, asserts all of the claims in this Complaint against Defendant under the capacity of PAGA, and seeks all statutory penalties available under the Labor Code.

102.    Pursuant to Labor Code section 2698 et seq., Plaintiffs, individually and on behalf of all aggrieved employees of the Plaintiff Class, requests and is entitled to recover from Defendant: unpaid wages, overtime compensation, rest and meal period compensation and penalties, waiting period wages and penalties according to proof, penalties for failure to keep accurate payroll records, reimbursement for necessary business expenses incurred, violation of California's wage theft and protection act, interest, attorneys' fees and costs pursuant to Labor Code sections 201-203, 204, 226, 226.7, 512, 1182.12, 1194 and 1197, as well as all statutory penalties, and attorneys' fees against Defendant.  The aforementioned penalties include, but are not limited to, the following:

   (a)  Penalties under Labor Code section 2698 in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

   (b)  Penalties under Code of Regulations, Title 8, section 11070 in the amount of $50 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

   (c)  Penalties under Labor Code section 210 in addition to and entirely independent and apart from any other penalty provided in the Labor Code in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

each aggrieved employee per pay period for each subsequent violation, plus 25 percent of the wage wrongly withheld;

    (d)   Any and all additional penalties and sums as provided by the Labor Code and/or other statutes.

103.    In addition thereto, pursuant to Labor Code section 2699, subdivision (i), Plaintiff seeks and is entitled to 75 percent of all penalties obtained under Labor Code section 2698 to be allocated to the Labor and Workforce Development Agency for enforcement of labor laws, including the administration of this part, and for education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and 25 percent to the aggrieved employees.

104.    Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code sections 201-203, 218.5, 226, 226.7, 512, 1174, 1194, 2698, and 2802, and any other applicable statute.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs prays for judgment as follows:

1.    For nominal damages;

2.    For compensatory damages;

3.    For restitution of all monies due to Plaintiffs and Class Members, and disgorged profits from Defendant's unlawful business practices;

4.    For penalties, pursuant to Labor Code sections 226, 226, subd. (e), 226.7, 512, 1182.12, 1174, and 1194;

5.    For interest accrued to date;

6.    Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein.

7.    Declaratory relief, enjoining Defendant's practices as unlawful and unfair business practices within the meaning of Business and Professions Code,

sections 17200 et seq., and declaring Defendant has: (1) unlawfully treated Plaintiffs and Class Members; (2) failed to pay all wages and overtime compensation in violation of California law, (3) failed to provide Plaintiffs and Class Members accurate itemized wage statements upon payment of wages, and (4) failed to reimburse Plaintiffs and Plaintiffs Class for expenditures or losses in the discharge of their duties as employees of Defendants.

8.    Further declaratory relief, declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees to which Plaintiffs and Plaintiffs Class are entitled;

9.    For costs of suit and expenses incurred herein pursuant to Labor Code, sections 226, 1182.12 and 1194;

10.    For reasonable attorney's fees pursuant to Labor Code, sections 226. 1182.12, 1021.5 and 1194 and Civil Code, section 218.5;

11.    For all civil penalties pursuant to PAGA; and

12.    For all such other and further relief as the Court may deem just and proper.

Dated: May 22, 2018                    **MAHONEY LAW GROUP, APC**


                                       _/s/Treana L. Allen_
                                       Kevin Mahoney
                                       Treana L. Allen
                                       Attorneys for Plaintiffs AHMAD
                                       JAWAD ABDUL JAMIL, AHMAD
                                       JAMSHID ABDUL JAMIL,
                                       AHMAD FARHAD ABDUL JAMIL
                                       individually and on behalf of all
                                       employees similarly situated.

## **DEMAND FOR JURY TRIAL**

Plaintiffs AHMAD JAWAD ABDUL JAMIL, AHMAD JAMSHID ABDUL JAMIL, AHMAD FARHAD ABDUL JAMIL hereby demand a jury trial on all issues so triable.

Dated: May 22, 2018                    **MAHONEY LAW GROUP, APC**

*/s/Treana L. Allen*
Kevin Mahoney
Treana L. Allen
Attorneys for Plaintiffs AHMAD JAWAD
ABDUL JAMIL, AHMAD JAMSHID
ABDUL JAMIL, AHMAD FARHAD
ABDUL JAMIL individually and on behalf
of all employees similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## CERTIFICATE OF SERVICE

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

### Jamil, et al v. Workforce, LLC
Case No. 18-cv-0027 (JLS) (NLs)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 249 East Ocean Boulevard, Suite 814, Long Beach, California, 90802.

On **July 20, 2018** I served true copies of the following document described as**: FIRST AMENDED COMPLAINT FOR DAMAGES**

The document was served on the interested parties in this action, addressed as follows:

| | |
|---|---|
| Amy Todd-Gher<br>Matthew B. Riley<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577 | *Attorneys for Defendants Bristol Bay Native Corporation and Workforce Resources, LLC*<br>Tele: (619) 232-0441 Fax: (619) 232-4302<br>Email: atodd-gher@littler.com<br>     mriley@littler.com |

☒ **By electronic service:** Based on a court order, I caused the document(s) to be sent to the persons at the electronic service addresses listed above by transmission through the CM/ECF System.

☒ **(Federal):** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **July 20, 2018** at Long Beach, California.

*/s/ Joel Harmon*
Joel Harmon