UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD JAWAD ABDUL JAMIL, AHMAD JAMSHID ABDUL JAMIL, AHMAD FARHAD ABDUL JAMIL, individual and on behalf of all employees similarly situated, <div align="right">Plaintiffs,</div> v. WORKFORCE RESOURCES, LLC; BRISTOL BAY NATIVE CORPORATION; and DOES 1 through 10, inclusive, <div align="right">Defendants.</div> | Case No.:  18-CV-27 JLS (NLS) **ORDER: (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS; (3) APPOINTING CLASS COUNSEL; (4) APPOINTING PLAINTIFFS AHMAD JAWAD ABDUL JAMIL, AHMAD JAMSHID ABDUL JAMIL, AND AHMAD FARHAD ABDUL JAMIL AS CLASS REPRESENTATIVES; (5) APPOINTING SETTLEMENT ADMINISTRATOR; (6) APPROVING NOTICE AND DIRECTING DISTRIBUTION OF NOTICE; AND (7) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS** (ECF No. 51) |

Presently before the Court is Plaintiffs' unopposed Motion for Preliminary Approval of Proposed Class Action Settlement ("Prelim. Approval Mot.," ECF No. 51).  Having

1

reviewed the terms of the Joint Stipulation re: Class Action Settlement and Release ("Proposed Settlement Agreement"), Prelim. Approval Mot. Ex. 1, ECF No. 51-1 at 10–43; Plaintiffs' arguments; and the law, the Court preliminarily concludes that the settlement falls within the range of reasonableness warranting preliminary approval, *i.e.*, that the settlement appears fundamentally fair, reasonable, and adequate.  Accordingly, the Court **GRANTS** the Preliminary Approval Motion.

<div align="center">GENERAL BACKGROUND</div>

Plaintiffs Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abdul Jamil, and Ahmad Farhad Abdul Jamil filed a putative class action complaint against Workforce Resources, LLC ("Workforce") in the Superior Court of California for the County of San Diego on September 27, 2017.  *See* ECF No. 1-2 at 6–27.  The allegations included failure to pay minimum wages; failure to pay overtime wages; failure to provide meal and rest periods; failure to provide accurate, itemized wage statements; and failure timely to pay wages due at separation in violation of various provisions of the California Labor Code.  *See generally id.*  Plaintiffs also alleged unfair business practices in violation of California Business and Professions Code section 17200.  *See generally id.*  Plaintiffs added Bristol Bay Native Corporation ("BBNC") as a Defendant on November 13, 2017.  *See* ECF No. 1-2 at 28 –29.

Plaintiffs removed the action to federal court on January 24, 2018.  *See* ECF No. 1. Defendants filed a motion to dismiss the meal and rest break claims on January 11, 2018, *see* ECF No. 3, while Plaintiffs filed a motion to remand the action to state court on February 14, 2018, *see* ECF No. 4, which the Court denied on May 21, 2018.  *See* ECF No. 12.  Plaintiffs filed the operative First Amended Complaint on July 20, 2018, adding a claim for civil penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA").  *See* ECF No. 22.  Because Defendants' prior motion to dismiss was dismissed as moot, *see* ECF No. 21, Defendants filed a renewed motion to dismiss Plaintiffs' meal and rest break claims, *see* ECF No. 23, which the Court denied.  *See* ECF No. 29.

/ / /

The Parties attended two Early Neutral Evaluation Conferences with the Honorable Nita L. Stormes, on April 23 and July 29, 2019, but were unable to reach a settlement. *See generally* ECF Nos. 38, 44. On September 24, 2019, the Parties attended a mediation conducted by Jill Sperber, Esq., during which they reached the Proposed Settlement Agreement presently before the Court. Declaration of Kevin Mahoney in Support of Prelim. Approval Mot. ("Mahoney Decl.," ECF No.51-1) ¶ 4.

On April 9, 2020, the plaintiffs of a separate, related putative class action, *Abikar v. Bristol Bay Native Corporation*, No. 18CV1700 JLS (AGS) (S.D. Cal. filed July 25, 2018), filed a motion to intervene and objection to proposed settlement. *See* ECF No. 55. They have since withdrawn their motion and objection, *see* ECF Nos. 56, 57, leaving the instant Motion unopposed.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Proposed Settlement Agreement detailing the substantive settlement terms, Prelim. Approval Mot. Ex. 1, ECF No. 51-1 at 10–43, as well as a Proposed Notice of Settlement. Proposed Settlement Agreement Ex. A, ECF No. 51-1 at 44–50.

## I.   Proposed Settlement Class

The proposed Settlement Class is defined to include "all non-exempt employees who worked for Workforce at Marine Corps Base Camp Pendleton in the position of Role Player, Interpreter, Amputee, and/or Team Lead at any time during the Class Period," Proposed Settlement Agreement ¶ 1.4, while the Class Period is defined as "the period from September 27, 2013 through and including July 31, 2017." *Id.* ¶ 1.8. The proposed Settlement Class amounts to approximately 1,089 members. Prelim. Approval Mot. at 10. Class Members have the option to opt out of the Settlement or to object to the Settlement within sixty days of the mailing of the Notice of Settlement. *Id.*

## II.   Proposed Monetary Relief

The Proposed Settlement Agreement provides that Defendants will pay a Maximum Settlement Amount of $900,000. Proposed Settlement Agreement ¶ 3.6.1. The Maximum

Settlement Amount will be used to pay Plaintiffs' Class Representative Service Awards in the amount of $10,000 each, a Class Counsel Fees Award of $300,000, a Class Counsel Costs Award of $15,000, Settlement Administration Costs of $35,000, and payment to the California Labor and Workforce Development Agency ("LWDA") pursuant to PAGA. *Id.* at ¶¶ 3.6.1–3.6.1.5.

All Participating Class Members, *i.e.*, Class Members who do not submit a timely and valid Request for Exclusion, will receive a portion of the Net Distribution Fund "paid on a pro rata basis based on the numbers of shifts . . . worked . . . during the Class Period." *Id.* at ¶ 3.6.1.6. In calculating the Individual Settlement Payments, the Settlement Administrator will "divide[ the Net Distribution Fund by] the total number of eligible shifts worked by Participating Class Members during the Class Period to determine the shift value," then multiply the shift value and the total number of eligible shifts worked by each Participating Class Member during the Class Period. *Id.* Plaintiffs estimate that the average net distribution to individual members of the Settlement Class will be $470 per member, if no Class Members opt out of the Settlement. Prelim. Approval Mot. at 15. After disbursing payments, any funds remaining in the Net Distribution Fund will be donated to the State of California's Justice Gap Fund. Proposed Settlement Agreement ¶ 3.8.10.

In exchange for the monetary consideration, all Participating Class Members will release all "Released Class Claims" and "Released PAGA Claims" as defined in the Proposed Settlement Agreement. *Id.* ¶¶ 1.31–1.32.

## RULE 23 SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees).

/ / /

Class actions are governed by Federal Rule of Civil Procedure 23. To certify a class, each of the four requirements of Rule 23(a) must first be met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

> (1)  the class is so numerous that joinder of all members is impracticable;

> (2)  there are questions of law or fact common to the class;

> (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4)  the representative parties will fairly and adequately protect the interests of the class.

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here, Plaintiffs seek to certify the Settlement Class under subdivision Rule 23(b)(3), *see* Prelim. Approval Mot. at 21–22, which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court addresses each of these requirements in turn.

## I.    Rule 23(a)

### A.    *Rule 23(a)(1): Numerosity*

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007). Here, the proposed Settlement Class consists of approximately 1,089 members, Prelim. Approval Mot. at 10, so joinder of all members

/ / /

would be impracticable for the purposes of Rule 23(a)(1).  The numerosity requirement is therefore satisfied.

### B.      Rule 23(a)(2): Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class."  Commonality requires that "the class members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the Settlement Class is defined as all "non-exempt employees who worked for Workforce at Marine Corps Base Camp Pendleton in the position of role player, interpreter, amputee, and/or team lead . . . at any time during the period from September 27, 2013 through and including July 31, 2017."  Prelim. Approval Mot. at 2; *see also* Proposed Settlement Agreement ¶ 1.4.  Common issues revolve around the questions of whether Defendants failed to compensate employees for all hours worked, including minimum wage and overtime, and whether Defendants failed to provide all required meal and rest periods.  Prelim. Approval Mot. at 19–20.  Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis, and Rule 23(a)(2) is satisfied.  *See*, *e.g.*, *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 605 (E.D. Cal. 2015) (holding that the commonality requirement was satisfied where all members of the class were subject to the same allegedly unlawful wage practices of the defendant).

### C.      Rule 23(a)(3): Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named plaintiffs' claims must be typical of those of the class.  The typicality requirement is "permissive" and requires only that the named plaintiffs' claims "are reasonably coextensive with those of absent class members."  *Hanlon*, 150 F.3d at 1020.  "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is

not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (citation omitted).

Here, Plaintiffs' claims arise out of the same policies and practices of Defendants as those pertaining to the proposed Settlement Class. Specifically, Plaintiffs contend that Defendants failed to compensate Class Members for time spent donning and doffing uniforms and time spent riding Defendants' buses to and from Camp Pendleton. Prelim. Approval Mot. at 5. Plaintiffs also contend that Defendants failed to provide adequate meal and rest breaks for Class Members. *Id.* at 6–7. As members of the proposed Settlement Class, Plaintiffs' claims are identical to the claims of other Class Members. *Id.* at 20. The typicality requirement of Rule 23(a)(3) is therefore satisfied.

### D. Rule 23(a)(4): Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class. "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

Here, there is no reason to believe that the named Plaintiffs and Class Counsel have any conflicts of interest with members of the proposed Settlement Class. Plaintiffs' claims are identical to those of the other members of the proposed Settlement Class, Prelim. Approval Mot. at 20, and there is no evidence of any conflicts of interest in the record. *Id.* at 21.

///

There also is no reason to believe that Plaintiffs and Class Counsel have failed vigorously to investigate and litigate this case to this point.  Plaintiffs have retained competent counsel who has engaged in motion practice and negotiation to arrive at the Proposed Settlement.  *See* Proposed Settlement Agreement ¶ 2.1.  Furthermore, Class Counsel has significant experience litigating wage and hour class action matters.  Mahoney Decl. ¶¶ 17–18.  Accordingly, Plaintiffs and Class Counsel adequately represent the proposed Settlement Class, and Rule 23(a)(4)'s adequacy requirement is met.

## II.    Rule 23(b)(3)

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### A.    *Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.  "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, the Parties agree that all Class Members share "a common nucleus of facts and potential legal remedies." Prelim. Approval Mot. at 22 (quoting *Hanlon*, 150 F.3d at 1011). Plaintiffs allege that employees were not paid all overtime wages as a result of Defendants' policies and practices and seek minimum wages and overtime wages on behalf of themselves and Settlement Class Members.  *Id.*  The potential legal remedies of the Settlement Class Members are identical.  *Id.*  The Court finds that the common wage and hour issues predominate over any individual issues.  Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.

### B.    *Superiority*

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and

effectively adjudicating the controversy."   The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)   the likely difficulties in managing a class action.

*See also Zinser*, 253 F.3d at 1190.   A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement.   *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010); *see also Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").

The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'"   *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Proc.* § 1780, at 562 (2d ed. 1986)).   A district court has "broad discretion" in determining whether class treatment is superior.   *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, the Settlement Class Members' claims involve the same factual and legal questions and all Settlement Class Members have the same potential legal remedies.   *See* Prelim. Approval Mot. at 22.   If all Settlement Class Members were to file claims on an individual basis, there would be over one thousand cases with similar questions and results. This immense quantity of individual cases would absorb significant resources from both the Court and the Parties.   Furthermore, individual Settlement Class Members might not pursue litigation on their own due to high costs of individual litigation.   Given all of the

above, class treatment is the superior method of adjudicating this controversy, and the superiority requirement of Rule 23(b)(3) is met.

## III.   Conclusion

For the foregoing reasons, the Court finds certification of the Settlement Class proper under Rule 23(b)(3).  Accordingly, the proposed Settlement Class is **CERTIFIED** for settlement purposes only.

## RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Having certified the proposed Settlement Class, the Court must next make a preliminary determination as to whether the Proposed Settlement Agreement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C). Factors relevant to this determination include:

> The strength of the plaintiff's case, the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.  "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable."  *Garner v. State Farm Mut. Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *13 (N.D. Cal. Apr. 22, 2010) (quoting *Brown v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880, at *5 (N.D. Cal. Feb. 17, 2016)).  "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

## I.   Strength of Plaintiffs' Case

To succeed on the wage claims, Plaintiffs would have to prove that Defendants' failure to compensate Class Members for time spent donning and doffing uniforms and

riding Defendants' buses to and from Camp Pendleton violated the California Labor Code. *See* Mahoney Decl. ¶ 5.  Defendants argue that Class Members were paid for all time on the base, including time spent donning and doffing uniforms.  *Id.*  Defendants also argue that employees were not required to ride the Defendants' buses, so Defendants had no requirement to compensate employees for time spent on the buses.  *Id.*

Plaintiffs further allege that Defendants failed to provide adequate meal and rest breaks, while Defendants argue that Class Members were not entitled to meal and rest breaks because Class Members worked on federal property and were subject to the "federal enclave" doctrine.  *Id.* ¶ 6.  Some of Plaintiffs' additional claims against Defendants, such as failure to provide accurate wage statements, also turn on the issues of whether Class Members were entitled to compensation for time spend on Defendants' buses and whether Class Members were entitled to meal and rest breaks.  *See id.* ¶¶ 7–8.

Given the considerable diversion between Plaintiffs' and Defendants' contentions, the Court finds that this factor weighs in favor of finding the Proposed Settlement Agreement fair, reasonable, and adequate.

## II.    Risk, Expense, Complexity, and Likely Duration of Further Litigation

Were the case to proceed to further litigation, the Parties would each bear substantial risk and a strong likelihood of protracted and contentious litigation.  Defendants continue to dispute the validity of Plaintiffs' claims, *see generally* Prelim. Approval Mot. at 4–10, as well as the appropriateness of class certification (absent settlement).  *Id.* at 17.  Plaintiffs acknowledge the existence of "[many unresolved legal and procedural issues" and "clear risk that if Defendants defeated Plaintiff[s'] Motion for Class Certification, Class Members would simply not receive any monetary recovery."  *Id.* at 17–18.  The Court therefore finds that significant risk and uncertainty remains for both Parties.  Accordingly, this factor weighs in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

/ / /

/ / /

### III.     Risk of Maintaining the Class Action Through Trial

Defendants "strongly argued" that class certification was inappropriate in this matter.  Prelim. Approval Mot. at 17.  Weighed against the fact that Defendants do not object to a finding that the class certification requirements are met for purposes of the Proposed Settlement Agreement, this factor weighs in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

### IV.     Amount Offered in Settlement

Defendants have agreed to pay the Maximum Settlement Amount of $900,000, with no monies reverting back to Defendants.  Prelim. Approval Mot. at 16; *see also* Proposed Settlement Agreement ¶ 3.6.1.  This amount represents 83% of Defendants' full exposure at trial, which is estimated to be approximately $1,072,500, excluding attorney's fees, interest, and cost.  Mahoney Decl. ¶ 12.  Less Plaintiffs' Service Awards, Class Counsel Fees and Costs, Administrative Expenses, and payment to LWDA, the Maximum Settlement Amount will provide approximately $520,000 to be divided among Participating Class Members.   Mahoney Decl. ¶ 14; *see also* Proposed Settlement Agreement ¶¶ 3.61–3.6.6.  The resulting average disbursement to the estimated 1,089 Settlement Class Members will be approximately $470 per member.  Mahoney Decl. ¶ 14; Prelim. Approval Mot. at 16.  Given the risks of litigation, the Court determines that the Maximum Settlement Amount is fair and reasonable and that this factor weighs in favor of settlement.

### V.     Extent of Discovery Completed and Stage of Proceedings

Plaintiffs assert that they have a "wealth of information," including "timekeeping sheets, payroll, and compensation data, and Defendants' written policies and procedures." Prelim. Approval Mot. at 14.  Prior to drafting the Proposed Settlement, the Parties engaged in motion practice; two Early Neutral Evaluation Conferences; and a mediation with Jill Sperber, Esq., "a well-known and experienced wage and hour class action mediator."  *Id.* at 3.  Furthermore, Class Counsel asserts that the Proposed Settlement Agreement is "the product of extensive arms' length negotiations by experienced counsel on both sides after

thorough discovery and recognition of the strengths and weaknesses of each other's positions."  Mahoney Decl. ¶ 13.

Accordingly, it appears the Parties have entered into the Proposed Settlement Agreement with a strong working knowledge of the relevant facts, law, and strengths and weaknesses of their respective claims and defenses.  Given the above, this factor weighs in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

## VI.   Experience and Views of Counsel

"The recommendations of plaintiff's counsel should be given a presumption of reasonableness."  *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).  Here, Plaintiffs' Counsel finds the Proposed Settlement "fair and reasonable because it provides substantial and immediate benefits to the class members."  Mahoney Decl. ¶ 13.  Furthermore, the presumption of reasonableness is warranted in this case given Class Counsel's extensive experience in employment law class action litigation and settlements.  *See* Mahoney Decl. ¶¶ 17–18.  This factor therefore weighs in favor of finding the proposed Settlement Agreement fair, reasonable, and adequate.

## VII.   Attorney's Fees Provision

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case.  *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1066 (9th Cir. 2002).  When applying the percentage-of-the-fund method, an attorney's fees award of "twenty-five percent is the 'benchmark' that district courts should award."  *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006.  A district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate."  *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (citing *Six Mexican Workers*, 904 F.2d at 1311.  "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion."  *Fischel*, 307 F.3d at 1007.

Here, Defendants have agreed not to oppose Class Counsel's request for the Court to approve attorney's fees in the amount of up to $300,000 and litigation fees up to $15,000. *See* Proposed Settlement Agreement ¶¶ 3.6.1.2–3.6.1.3.  This request equals one-third of the Maximum Settlement Amount, or approximately thirty-three percent, and exceeds the "benchmark" of twenty-five percent.  At this point, the Court finds no reason to award fees that exceed that Ninth Circuit's benchmark.  Class Counsel will need to show what special circumstances exist warranting a higher percentage in their motion for attorney's fees.

## VIII.   Class Representative Service Award Provision

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments.  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  The district court must evaluate each incentive award individually, using "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation."  *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Here, the Parties have agreed to a Service Award of $10,000 to each named Plaintiff, totaling $30,000 in Service Awards.  Proposed Settlement Agreement ¶ 3.6.1.1.  The Court is not convinced that an award of $10,000 to each named Plaintiff is reasonable where the average payment the Settlement Class Members will receive is $470.  *See Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, 10 (E.D. Cal. 2010) (finding a service award of $12,500 unreasonable where class members would receive an average payment of $749.60).  In the aggregate, Plaintiffs' Service Awards will amount to more than 3% of the Maximum Settlement Amount, which is higher than what other courts have approved. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (collecting cases where incentive awards were under 1% of the settlement) (citing *Sandoval*, 2010 WL 2486346 at 10).

The Service Award is explained as "warranted due to [Plaintiffs] time and effort." Mahoney Decl. ¶ 15. Plaintiffs gathered documents, answered questions, provided Class

Counsel with information, were "involved weekly for the benefit of the class," participated in the Early Neutral Evaluation Conferences, and participated in the mediation. *Id.*; Prelim. Approval Mot. at 15–16.  At this, stage the Court preliminarily approves the proposed $10,000 Service Award to each named Plaintiff; however, before final approval of the Service Award, the Court requests that named Plaintiffs provide documentation detailing the time and effort they expended in pursuit of this litigation and the actions they took to benefit the Settlement Class in its motion for final approval.  Without such information, the Court may lower the requested Service Award.

## IX.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' unopposed Preliminary Approval Motion.

## PROPOSED SETTLEMENT NOTICE

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Because the Court has determined that preliminary certification is appropriate under Rule 23(b)(3), the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."  "'Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

/ / /

Here, Parties intend to notify the Class Members through first-class mail.  *See* Proposed Settlement Agreement ¶ 3.7.6.  Defendants will provide the Settlement Administrator with the Employee List containing each Class Member's "full name, last known address, last known telephone number, social security number, date of birth, and the number of shifts worked in a Role Player Position . . . during the Class Period." *Id.* ¶¶ 1.14, 3.7.5.  Within fourteen days of receiving this information, the Settlement Administrator will send the Notice to all Class Members.  *Id.* ¶ 3.7.6.  Before sending the Notice, the Settlement Administrator will update all addresses using a national change of address search and a skip trace.  *Id.*  The Settlement Administrator will make "reasonable efforts" to obtain forwarding mailing addresses for any Notices returned as non-deliverable.  *Id.* ¶ 3.7.7.  The Proposed Notice includes a description of the Action, the terms of the Proposed Settlement, and an explanation of Class Members' rights to participate in, object to, or opt-out of the Settlement.  *See* Proposed Notice.

Having thoroughly reviewed the Proposed Notice, the Court finds that both the method and content of the Proposed Notice comply with Rule 23.  Accordingly, the Court **APPROVES** both the content of the Proposed Notice and the proposed notification plan.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Preliminary Approval Motion (ECF No. 51) and **ORDERS**:

1.     **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT:** The Settlement Agreement is **PRELIMINARILY APPROVED** as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

2.     **PRELIMINARY CLASS CERTIFICATION:** Pursuant to Federal Rule of Civil Procedure 23(b)(3), this action is **PRELIMINARILY CERTIFIED**, for settlement purposes only, as a class action on behalf of the following Settlement Class Members with respect to the Released Class Claims and Released PAGA Claims asserted in this Action: "all non-exempt employees who worked for Workforce at Marine Corps Base Camp

/ / /

Pendleton in the position of Role Player, Interpreter, Amputee, and or/Team Lead . . . at any time during the Class Period."  Proposed Settlement Agreement ¶ 1.4.

3.    **CLASS    REPRESENTATIVE,    CLASS    COUNSEL,    AND SETTLEMENT ADMINISTRATOR:** Pursuant to Federal Rule of Civil Procedure 23, the Court **PRELIMINARILY CERTIFIES**, for settlement purposes only, Plaintiffs Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abdul Jamil, and Ahmad Farhad Abdul Jamil as Class Representatives and Mahoney Law Group, APC as Class Counsel.  Additionally, the Court **APPROVES AND APPOINTS** Simpluris as the Settlement Administrator.

4.    **NOTICE:** The Court **PRELIMINARILY APPROVES** the form and substance of the Proposed Notice set forth in Exhibit A to the Settlement Agreement.  *See* ECF No. 51-1 at 44–50.  The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e).  The Court further concludes that the Notice Procedure constitutes the best notice practicable under the circumstances.  As provided in the Settlement Agreement, the Settlement Administrator **SHALL PROVIDE** notice to the Class Members and respond to Class Member inquiries.  Within <u>fourteen (14) days</u> of the date of this Preliminary Approval Order, Defendants **SHALL PROVIDE** the Settlement Administrator with the Employee List.  Within <u>twenty-one (21) days</u> of receiving the Employee List, the Settlement Administrator **SHALL DISSEMINATE** the Notice in the form and manner provided in the Proposed Settlement Agreement.

5.    **REQUESTS FOR EXCLUSION:** Requests for Exclusion from the Settlement must be submitted by mail to the Settlement Administrator and postmarked no later than <u>sixty (60) days</u> of the initial mailing of the Notice to the Class Members ("Response Deadline").  Class Members who do not submit a timely and valid Request for Exclusion from the Settlement on or before the Response Deadline shall be Participating Class Members bound by all terms of the Settlement and any Final Approval Order entered in this Action.

/ / /

18-CV-27 JLS (NLS)

6.  **OBJECTIONS:** Objections to the Settlement must be mailed to the Court as instructed in the Notice, no later than the Response Deadline.  To be valid, the Notice of Objection: (a) must contain the full name, address and last four digits of the social security number of the Class Member; and (b) must be signed by the Class Member.  The Notice of Objection should also state the basis for the objection and whether the Class Member intends to appear at the Final Approval Hearing.

7.  **FINAL APPROVAL HEARING:** The Court **SETS** a Final Approval Hearing for <u>November 5, 2020 at 1:30 p.m., in Courtroom 4D of the Edward J. Schwartz United States Courthouse, 221 W. Broadway, San Diego, CA  92101</u>, to consider:

    a.  the fairness, reasonableness, and adequacy of the Proposed Settlement Agreement;

    b.  Plaintiffs' request for an award of attorneys' fees and costs;

    c.  the Class Representative Service Awards;

    d.  dismissal with prejudice of the action with respect to Defendants; and

    e.  the entry of Final Judgment in this action.

At the Final Approval Hearing, the Parties also shall be prepared to update the Court on any new developments since the filing of the Motion, including any untimely submitted opt-outs, objections, and claims or any other issues as the Court deems appropriate.  The date and time of the Final Approval Hearing **SHALL BE INCLUDED** in the Notice to be mailed to all Class Members.

8.  **MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT:** No later than <u>twenty-eight (28) days</u> before the Final Approval Hearing, the Parties **SHALL FILE** a Motion for Final Approval of Class Action Settlement.  The Motion **SHALL INCLUDE AND ADDRESS** any objections received as of the filing date.  In addition to the class certification and settlement fairness factors, the motion **SHALL ADDRESS** the number of putative Class Members who have opted out and the corresponding number of claims and their value.

/ / /

9.    **APPLICATION FOR ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD:** No later than <u>twenty-eight (28) days</u> before the Final Approval Hearing, Class Counsel **SHALL FILE** an application for attorneys' fees, costs, and Class Representative Service Awards.  Class Counsel **SHALL PROVIDE** documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled.  Class Counsel **SHALL ADDRESS** the appropriateness of any upward or downward departure in the lodestar calculation, as well as reasons why a percentage-of-the-fund approach to awarding attorney fees may be preferable and the appropriateness of any upward or downward departure from the 25% benchmark.  Class Counsel **SHALL BE PREPARED** to address any questions the Court may have regarding the application for fees at the Final Approval Hearing.

12.    **MISCELLANEOUS PROVISIONS:** In the event the Proposed Settlement Agreement is not consummated for any reason, the conditional class certification **SHALL BE** of no further force or effect.  Should the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement **SHALL HAVE** no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

11.    **SCHEDULE:** The Court orders the following schedule for further proceedings:

| Event | Date |
| --- | --- |
| Deadline for Defendants to send Settlement Administrator the Employee List | Within 14 days of the date of this Order |
| Deadline for Settlement Administrator to mail Proposed Notice <br><br> / / / <br> / / / | Within 21 days of receipt of the Employee List |

18-CV-27 JLS (NLS)

| Deadline for Objections and Requests for Exclusion | Within 60 days of the date the Settlement Administrator mails the Notice to Class Members |
| --- | --- |
| Deadline for Claims Administrator to prepare and Class Counsel to file Declaration of Compliance with Class Notice requirements | No later than 30 days prior to the Final Approval Hearing |
| Deadline for Class Counsel to file motion for attorney's fees and costs and Class Representative Service Awards | No later than 28 days prior to the Final Approval Hearing |
| Deadline for the Parties to file a motion for final approval of class action settlement | No later than 28 days prior to the Final Approval Hearing |
| Final Approval Hearing | November 5, 2020 at 1:30 p.m. |

10.    **STAY:** At the request of the Parties, pending the Final Approval Hearing, all proceedings in the Action, including all current deadlines other than those set forth herein, are **STAYED** until further Order from this Court.

**IT IS SO ORDERED.**

Dated:  June 9, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

18-CV-27 JLS (NLS)