UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD JAWAD ABDUL JAMIL, AHMAD JAMSHID ABDUL JAMIL, AHMAD FARHAD ABDUL JAMIL, individual and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORKFORCE RESOURCES, LLC; BRISTOL BAY NATIVE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 18-CV-27 JLS (NLS)<br><br>**ORDER (1) GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR (a) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (b) CLASS REPRESENTATIVE SERVICE ENHANCEMENT FEES, AND ATTORNEYS' FEES AND COSTS; AND (2) ENTERING JUDGMENT**<br><br>(ECF Nos. 62, 63, 64, 65) |

Presently before the Court are Plaintiffs' unopposed Motions for (1) Final Approval of Class Action Settlement ("Final Approval Mot.," ECF Nos. 63, 65) and (2) Class Representative Service Enhancement Fees, and Attorneys' Fees and Costs ("Fee Mot.," ECF Nos. 62, 64). Also before the Court is the Declaration of Mary Butler on Behalf of Settlement Administrator with Respect to Compliance with Class Notice Requirements ("Butler Decl.," ECF No. 61). The Court held a hearing on November 5, 2020. *See* ECF No. 67. Because the Settlement is fundamentally fair, reasonable, and adequate, the Court

**GRANTS** Plaintiffs' unopposed Final Approval Motion. Further, because the requested attorneys' fees, costs, service awards, PAGA award, and settlement administration expenses are reasonable, the Court **GRANTS** Plaintiffs' Fee Motion.

## BACKGROUND

Plaintiffs Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abdul Jamil, and Ahmad Farhad Abdul Jamil filed a putative class action complaint against Workforce Resources, LLC ("Workforce") in the Superior Court of California for the County of San Diego on September 27, 2017. *See* ECF No. 1-2 at 6–27. The allegations included failure to pay minimum wages; failure to pay overtime wages; failure to provide meal and rest periods; failure to provide accurate, itemized wage statements; and failure timely to pay wages due at separation in violation of various provisions of the California Labor Code. *See generally id.* Plaintiffs also alleged unfair business practices in violation of California Business and Professions Code section 17200. *See generally id.* Plaintiffs added Bristol Bay Native Corporation ("BBNC") as a Defendant on November 13, 2017. *See* ECF No. 1-2 at 28–29.

Defendants removed the action to federal court on January 24, 2018. *See* ECF No. 1. Subsequently, Defendants filed a motion to dismiss the meal and rest break claims on January 11, 2018, *see* ECF No. 3, while Plaintiffs filed a motion to remand the action to state court on February 14, 2018, *see* ECF No. 4, which the Court denied on May 21, 2018, *see* ECF No. 12. Plaintiffs filed the operative First Amended Complaint on July 20, 2018, adding a claim for civil penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA"). *See* ECF No. 22. Because Defendants' prior motion to dismiss was dismissed as moot, *see* ECF No. 21, Defendants filed a renewed motion to dismiss Plaintiffs' meal and rest break claims, *see* ECF No. 23, which the Court denied, *see* ECF No. 29.

The Parties attended two Early Neutral Evaluation Conferences with the Honorable Nita L. Stormes, on April 23 and July 29, 2019, but were unable to reach a settlement. *See generally* ECF Nos. 38, 44. On September 24, 2019, the Parties attended a mediation

conducted by Jill Sperber, Esq., during which they reached the Proposed Settlement Agreement. Declaration of Kevin Mahoney in Support of Prelim. Approval Mot. ("Mahoney Decl.," ECF No.51-1) ¶ 4. On February 4, 2020, Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement ("Prelim. Approval Mot.," ECF No. 51.) On April 9, 2020, the plaintiffs of a separate, related putative class action, *Abikar v. Bristol Bay Native Corporation*, No. 18CV1700 JLS (AGS) (S.D. Cal. filed July 25, 2018), filed a motion to intervene and objection to the proposed settlement, *see* ECF No. 55, which they subsequently withdrew, *see* ECF Nos. 56, 57, leaving the Preliminary Approval Motion unopposed. On June 9, 2020, the Court granted Plaintiffs' Preliminary Approval Motion. *See generally* ECF No. 58.

On July 14, 2020, the Court-approved notice of the Settlement was sent via U.S. first class mail to the 1,087 members of the class, fifty-four of which ultimately were undeliverable. Butler Decl. ¶¶ 8–10. No objections were received. *Id.* ¶ 16.

The Parties are now before the Court to seek the Court's final approval of their Settlement and attorneys' fees, costs, service awards, PAGA award, and settlement administration expenses. *See generally* ECF Nos. 62–65.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Proposed Settlement Agreement detailing the substantive settlement terms. Prelim. Approval Mot. Ex. 1 ("Proposed Settlement Agreement," ECF No. 51-1) at 10–43.

### I. Proposed Settlement Class

The proposed Settlement Class is defined to include "all non-exempt employees who worked for Workforce at Marine Corps Base Camp Pendleton in the position of Role Player, Interpreter, Amputee, and/or Team Lead at any time during the Class Period," Proposed Settlement Agreement ¶ 1.4, while the Class Period is defined as "the period from September 27, 2013 through and including July 31, 2017," *id.* ¶ 1.8. The proposed Settlement Class amounts to approximately 1,087 members. Final Approval Mot. at 1; Butler Decl. ¶ 8. Class Members were advised of their opportunity to opt out of the

Settlement or to object to the Settlement and the implications.  Final Approval Mot. at 2; Butler Decl. ¶ 5; *id.* Ex. A.

## II.     Proposed Monetary Relief

The Proposed Settlement Agreement provides that Defendants will pay a Maximum Settlement Amount of $900,000.  Proposed Settlement Agreement ¶ 3.6.1.  The Maximum Settlement Amount will be used to pay Plaintiffs' Class Representative Service Awards in the amount of $10,000 each, a Class Counsel Fees Award of up to $300,000, a Class Counsel Costs Award of up to $15,000, Settlement Administration Costs of up to $35,000, and payment to the California Labor and Workforce Development Agency ("LWDA") pursuant to PAGA.  *Id.* ¶¶ 3.6.1–3.6.1.5.

All Participating Class Members, *i.e.*, Class Members who do not submit a timely and valid Request for Exclusion, will receive a portion of the Net Distribution Fund "paid on a pro rata basis based on the numbers of shifts . . . worked . . . during the Class Period." *Id.* at ¶ 3.6.1.6.  In calculating the Individual Settlement Payments, the Settlement Administrator will "divide[ the Net Distribution Fund by] the total number of eligible shifts worked by Participating Class Members during the Class Period to determine the shift value," then multiply the shift value and the total number of eligible shifts worked by each Participating Class Member during the Class Period.  *Id.*  Plaintiffs estimate that the average net distribution to individual members of the Settlement Class will be $474.77 per member.  Final Approval Mot. at 10; Butler Decl. ¶ 14.  After disbursing payments, any funds remaining in the Net Distribution Fund will be donated to the State of California's Justice Gap Fund.  Proposed Settlement Agreement ¶ 3.8.10.

In exchange for the monetary consideration, all Participating Class Members will release all "Released Class Claims" and "Released PAGA Claims" as defined in the Proposed Settlement Agreement.  *Id.* ¶¶ 1.31–1.32.

/ / /

/ / /

/ / /

**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

**I.  Class Certification**

Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees). In the present case, the Court already has certified the Settlement Class. *See* ECF No. 58 at 4–10.

**II.  Adequacy of Notice**

The Court must also determine that the Class received adequate notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

In its Preliminary Approval Order, the Court preliminarily approved the Parties' proposed Notice and Notice Plan. *See* ECF No. 58 at 15–16. In support of their Final Approval Motion, Plaintiffs have filed the Declaration of Mary Butler, who is "employed as a Case Manager by Simpluris, Inc. ('Simpluris'), the Settlement Administrator in the above-entitled action." *See generally* Butler Decl.; *see also id.* ¶ 1. In her declaration, Ms. Butler details the actions taken by Simpluris to provide notice in accordance with the Notice Plan. *See generally id.* Having reviewed Ms. Butler's declaration, the Court finds that the Settlement Class received adequate notice of the Settlement.

**III.  Fairness of the Settlement**

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C). Factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the

> proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. This determination is committed to the sound discretion of the trial judge. *Id.*

In its Preliminary Approval Order, the Court addressed each of the *Hanlon* factors in turn and found that all of the pertinent factors weighed in favor of approving the Settlement. *See* ECF No. 58 at 10–15. Since then, no member of the Settlement Class has filed an objection. *See* Butler Decl. ¶ 16. Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the Rule 23(e) requirements as set forth in its Preliminary Approval Order. *See* ECF No. 58 at 10–15. Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

## IV. Conclusion

Because all the pertinent factors here weigh in favor of approving the Settlement, the Court **GRANTS** Plaintiffs' Final Approval Motion.

## MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD

Class Counsel seek attorneys' fees in the amount of $300,000, representing one-third of the Gross Settlement Proceeds, and reimbursement of litigation costs in the amount of $8,639.45. Fee Mot. at 1. Class Counsel also requests a Service Award to each of Class Representatives Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abdul Jamil, and Ahmad Farhad Abdul Jamil in the amount of $10,000 each, for a total of $30,000, and Settlement administration expenses to Simpluris in the amount of $12,500. *Id.* Finally, Class Counsel requests approval of a PAGA Award of $10,000. Final Approval Mot. at 2. The Court addresses each of Class Counsel's requests in turn.

## I. Attorneys' Fees

Federal Rule of Civil Procedure 23(h) permits a court to award reasonable attorneys' fees "authorized by law or by the parties' agreement." The Court has discretion to award

attorneys' fees based on "the percentage-of-the-fund method or the lodestar/multiplier approach." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295–96 (9th Cir. 1994). The Ninth Circuit has routinely applied the percentage-of-the-fund approach, treating twenty-five percent as the "benchmark." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378–79 (9th Cir. 1994). Despite this benchmark, district courts have discretion to "[a]djust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *Id.* at 379.

Here, Class Counsel seeks one-third of the $900,000 Gross Settlement Proceeds, totaling $300,000, *see* Fee Mot. at 2, which exceeds the Ninth Circuit's twenty-five percent benchmark. In its Preliminary Approval Order, the Court indicated that, "[a]t th[at] point, the Court f[ou]nd[] no reason to award fees that exceed the Ninth Circuit's benchmark," and that "Class Counsel w[ould] need to show what special circumstances exist warranting a higher percentage in their motion for attorney's fees." ECF No. 58 at 14.

In their Fee Motion, Class Counsel contend that the requested fees of $300,000 are reasonable under either the percentage-of-the-fund or lodestar approach to calculating a reasonable fee. *See* Fee Mot. at 4–12. Specifically, Class Counsel contends that a departure from the twenty-five percent benchmark under the percentage-of-the-fund approach is warranted given the "excellent result obtained for the class," *see id.* at 9; the "considerable risk" posed by the contingent nature of the representation, *see id.*; and the fact that a fee award of one-third of the recovery "falls in line with awards made in similar wage and hour class actions," *see id.* at 9–10 (citation omitted). As for the lodestar method,[1] Class Counsel have worked 277.80 hours on this matter, *see id.* at 11, with hourly rates of $750 per hour for Mr. Mahoney, *see id.* at 12, and $450 to $750 per hour for associates, *see id.*, resulting in a lodestar calculation of $137,680.50, *see id.* at 11. Class Counsel contend that this base lodestar is justified given "[t]he excellent results obtained

---

[1] The Court notes that there appear to be some internal inconsistencies in the numbers cited throughout the Fee Motion (ECF Nos. 62, 64) and the Declaration of Kevin Mahoney in Support of Plaintiffs' Fee Motion (ECF Nos. 63-1, 65-1). The Court cites herein to the numbers most commonly appearing in both.

for the class, the complexities of the legal issues involved, and the substantial work performed by Class Counsel." *Id.* at 10. A multiplier of 2.14 yields the requested fee of $300,000 here, *see id.* at 2, which Class Counsel contends is reasonable in light of the contingent nature of their representation, *see id.* at 10–11 (citation omitted).

Having reviewed the Fee Motion, the Declaration of Kevin Mahoney in Support of Plaintiffs' Fee Motion with its supporting exhibits, Class Counsel's arguments, and the applicable law, and given the lack of objection from Defendants or the Settlement Class, the Court agrees that the fee request in the amount of $300,000, or one-third of the Gross Settlement Proceeds, is reasonable under the circumstances, particularly in light of the favorable results achieved by Class Counsel, the risk Class Counsel assumed by taking this case on contingency, and the award being in line with fee awards in similar actions. Accordingly, the Court finds that an award of one-third of the Gross Settlement Proceeds, or $300,000, is reasonable under the circumstances of this case.

**II.   Costs**

Although the Proposed Settlement Agreement authorizes Class Counsel to apply for reimbursement of up to $15,000 in costs, *see* Proposed Settlement Agreement ¶ 3.6.1.3, Class Counsel seeks reimbursement for only $8,639.45, *see* Fee Mot. at 12. According to Class Counsel, "[t]he requested expenses and costs are the type routinely billed in similar wage and hour class actions." *Id*. at 13. An itemized list was provided to the Court, *see* Mahoney Decl. Ex. B, indicating that the requested costs include copying, postage, parking fees, local travel, mediator fees, online research, expert fees, filing fees, and electronic service fees. No objections have been made to these costs, and the Court finds that Class Counsel's litigation expenses are typical and reasonable. The Court therefore approves the requested costs reimbursement in the amount of $8,639.45.

**III.   Service Awards**

Incentive awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their

willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citations omitted). In deciding whether to give an incentive award, the Court may consider:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted).

Class Counsel seek a $10,000 service award for each of named Plaintiffs Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abdul Jamil, and Ahmad Farhad Abdul Jamil, for a total of $30,000. Fee Mot. at 13–16. In its Preliminary Approval Order, the Court preliminarily approved the proposed service awards but "request[ed] that named Plaintiffs provide documentation detailing the time and effort they expended in pursuit of this litigation and the actions they took to benefit the Settlement Class." ECF No. 58 at 15.

In the Fee Motion, Class Counsel contend that "[t]he request is reasonable considering the efforts put in by each Plaintiff and the personal risks all Plaintiffs undertook in the litigation of this matter and pursuit of obtaining relief for the Class." Fee Mot. at 13. Class Counsel submit declarations from each named Plaintiff to further support the reasonableness of their service award requests. *See* ECF Nos. 63-3–63-5 (collectively, "Representative Decls."). Per the Representative Declarations, each named Plaintiff undertook significant professional risk that his current or subsequent employers would learn about the lawsuit and may refuse to hire him. Representative Decls. ¶ 6. Each named Plaintiff made himself available to Class Counsel to assist with the investigation, attended both Early Neutral Evaluation Conferences, and attended the mediation. *Id.* ¶ 9. Each named Plaintiff estimates having spent, "at a minimum, sixty (60) hours performing the above activities." *Id.* ¶ 13. Having considered the relevant factors, the Court finds the

requested service award of $10,000 to each named Plaintiff, in the total amount of $30,000, to be reasonable.

### IV. Settlement Administration Expenses

The Settlement further authorizes the deduction of up to $35,000 from the Gross Settlement Proceeds for the administration costs incurred by the Settlement Administrator. Proposed Settlement Agreement ¶ 3.6.1.4. Class Counsel seek approval of settlement administration expenses in the amount of $12,500 to the Settlement Administrator, Simpluris, *see* Fee Mot. at 1, which includes "fees incurred and anticipated future costs for completion of the administration," including "all work to conclude Simpluris' duties and responsibilities pursuant to the Settlement, mailing of settlement payment checks, respond to class member inquiries, and the like," Butler Decl. ¶ 17. No objections have been made to these expenses, and the Court finds that the Settlement Administrator's expenses are reasonable. The Court therefore approves the requested administration expenses in the amount of $12,500.

### V. PAGA Award

Finally, the Settlement provides for a PAGA Award, with seventy-five percent to be distributed to LWDA and twenty-five percent to be included within the Net Distribution Fund for distribution to the Class Members. Proposed Settlement Agreement ¶ 3.6.1.5. Plaintiffs request approval of a PAGA Award in the amount of $10,000, with $7,500 allocated to LWDA "for the LWDA's share for PAGA Penalties," and $2,500 "reverting to the Class." Final Approval Mot. at 1. No objections have been made to the requested PAGA Award, which the Court finds reasonable. The Court therefore approves the requested PAGA Award in the amount of $10,000, which the Court finds to be "'fair and adequate in view of the purposes and policies of [PAGA].'" *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1077 (C.D. Cal. 2017) (quoting *O'Connor v. Uber Techs.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016)).

///

///

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Fee Motion.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motions for (1) Final Approval of Class Action Settlement (ECF Nos. 63, 65) and (2) Class Representative Service Enhancement Fees, and Attorneys' Fees and Costs (ECF Nos. 62, 64). Accordingly, the Court **ENTERS FINAL JUDGMENT** as follows:

1. Having found that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class settlement under federal law, the Court **GRANTS** final approval of the Settlement; accordingly, the Parties **SHALL FULFILL** the terms of the Settlement;

2. The Settlement and this Judgment **SHALL BE BINDING** on the named Parties, along with all members of the Certified Class;

3. The Court **FINDS** that the Notice of the Settlement and Notice Procedure implemented by the Parties following the Order Granting Preliminary Approval (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the members of the class of the settlement, their right to object to the settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with all applicable law;

4. The Court **APPROVES** Class Counsel attorneys' fees in the amount of $300,000 and reimbursement of litigation expenses in the amount of $8,639.45, which **SHALL BE PAID** in accordance with the terms of the Settlement;

5. The Court **APPROVES** class representative service payments to named Plaintiffs Ahmad Jawad Abdul Jamil, Ahmad Jamshid Abdul Jamil, and Ahmad Farhad Abdul Jamil in the amount of $10,000 each, for a total of $30,000, which **SHALL BE PAID** in accordance with the terms of the Settlement;

///

6. The Court **APPROVES** settlement administration fees and expenses to Simpluris, the Settlement Administrator, in the amount of $12,500, which **SHALL BE PAID** in accordance with the terms of the Settlement;

7. The Court **APPROVES** the PAGA Award in the amount of $10,000, which **SHALL BE PAID** in accordance with the terms of the Settlement; and

8. Without affecting the finality of this matter, this Court **SHALL RETAIN** exclusive jurisdiction over this action and the Parties, including the class, for purposes of enforcing the terms and conditions of the Settlement.

In light of the foregoing and in accordance with the Parties' wishes, this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 5, 2020

Hon. Janis L. Sammartino
United States District Judge